## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**United States of America,**

   v.

**Wesley Durell Johnson,**

  **Defendant.**

Case No. 2:22-cr-55(1)

Judge Michael H. Watson

## OPINION AND ORDER

Wesley Durell Johnson ("Defendant") moves for reconsideration of detention pending trial pursuant to 18 U.S.C. § 3141 and 18 U.S.C. § 3142. ECF No. 150. The Government opposes Defendant's motion. ECF No. 168. Defendant also requests a hearing. ECF No. 161. As this Court recently explained, "the district court is obligated to review the magistrate [judge]'s determination, [but] the district court need not hold a hearing." *United States v. Sammons*, No. 2:19-CR-107, 2020 WL 613930, at *3 (S.D. Ohio Feb. 10, 2020) (citing cases). The Court has reviewed the magistrate judge's initial detention decision and the pre-trial services report, considered the parties' motions and its prior ruling on Defendant's first motion to reconsider detention, and declines to hold an additional hearing. For the following reasons, Defendant's motion is **DENIED**.

### I. BACKGROUND

Defendant is charged with one count of conspiracy to distribute methamphetamine. *See generally* Indictment, ECF No. 11. Defendant was arrested in Columbus, Ohio, on April 14, 2022. *See* ECF No. 60. Magistrate Judge Jolson

held a detention hearing on April 19, 2022, and ordered that Defendant remain in custody pending trial. ECF No. 46. Specifically, Magistrate Judge Jolson found that the presumption of detention under 18 U.S.C. § 3142(e)(3) applied because there was probable cause to believe that Defendant committed an offense for which a maximum term of imprisonment is 10 years or more, is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, or Chapter 705 of Title 46 of the United States Code, and that Defendant had not introduced sufficient evidence to rebut that presumption. *See id.* Magistrate Judge Jolson further found that the weight of the evidence, the potential length of incarceration Defendant faces if convicted, Defendant's prior criminal history, Defendant's history of violence or weapons, and Defendant's history of alcohol or substance abuse show that no conditions or combination of conditions of release will reasonably assure the safety of any other person and the community. *See id.*

Defendant has already moved this Court to reconsider his detention once before. ECF No. 76. The Court considered that motion, held a hearing, and ultimately concluded that Defendant should remain in custody pending trial. ECF No. 112. Defendant now asks this Court to, once again, reconsider his detention. ECF No. 150. Defendant argues that the Court should grant his motion because he recently accepted a plea agreement and would like the opportunity to spend as much time as possible with his six-year-old son prior to being sentenced. Mot. 1, ECF No. 150. Defendant further requests the opportunity to once again demonstrate that he is not a flight risk because he would be staying in his parents' home and does not own a passport. *Id.* With his motion, Defendant includes

additional letters of support from his barber and several family members. ECF No. 150-1.

## II. STANDARD OF REVIEW

The Court reviews a detention order *de novo*. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1130 (S.D. Ohio 2000). Ordinarily, the default is that a defendant should be released pending trial. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). However, that "default is modified for certain, particularly dangerous defendants." *United States v. Roberson*, Case No. 1:21-cr-127, 2022 WL 2980530, at *2 (S.D. Ohio July 28, 2022). "Specifically, when a judicial officer finds that there is probable cause to believe that a defendant committed [a drug trafficking crime for which the maximum term of imprisonment is ten years or more] there is a presumption in favor of detention." *Id.* (internal quotation marks and citations omitted); 18 U.S.C. § 3142(e)(3). A grand jury indictment will satisfy the probable cause requirement. *Stone*, 608 F.3d at 945. The defendant may rebut that presumption by producing evidence that they are neither a danger to the community nor a risk of flight. *United States v. Brooks*, No. 21-1646, 2021 U.S. App. LEXIS 33089, at *4 (6th Cir. Nov. 5, 2021). This burden of production is not heavy, but the defendant must introduce at least some evidence. *Id.* (internal quotation marks and citations omitted). If the defendant satisfies his burden of production, then the presumption becomes one of several factors the Court considers in determining whether detention is appropriate. *Roberson*, 2022 WL 2980530, at *3. The other factors the Court considers are:

1. The nature and circumstances of the offense, including whether the offense involves a controlled substance;

2. The weight of the evidence of dangerousness or risk of flight against the person;

3. History and characteristics of the defendant, including—

   (a) character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history of drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and

   (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or release;

4. The nature and seriousness of the danger to any person or the community posed by release.

18 U.S.C. § 3142(g).

### III. ANALYSIS

The Court held, after its prior hearing on Defendant's detention, that Defendant did not overcome the presumption of detention embodied in 18 U.S.C. § 3142(e)(3). Even assuming Defendant's additional letters of support and the fact that he recently accepted a plea agreement could overcome the presumption, the § 3142(g) factors weigh heavily in favor of detention.

First, the nature and circumstances of the offense are serious. The offense involves a fourteen-month long conspiracy to ship large quantities of methamphetamine from California, Nevada, and other surrounding states to Columbus, Ohio. That the offense involves a controlled substance and that, at the prior hearing, the Government proffered that Defendant was a ringleader in this case, weighs even more heavily in favor of detention. *See* 18 U.S.C. § 3142(g)(1);

*Cf. Stone*, 608 F.3d at 947 n.6 ("[O]ur Court routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence." (collecting cases)).

Second, the weight of the evidence of dangerousness or risk of flight also weighs in favor of detention. As to dangerousness, Defendant's criminal history is concerning. As Magistrate Judge Jolson noted and considered in her decision, Defendant has prior convictions for violent offenses, including aggravated burglary and felonious assault, for which he served lengthy sentences of incarceration. Defendant's history of violence, coupled with the inherent dangerousness of the charges in this case, demonstrate to the Court that no condition or combination of conditions could reasonably assure the safety of the community and weighs in favor of detention.

As to risk of flight, Defendant argues that he does not have a passport, nor has he ever traveled outside of the United States. Further, Defendant asserts that he has strong family ties in the Columbus area, and many letters of support from his family members emphasize to the Court that his family is willing and able to supervise and monitor him were he to be released. At Defendant's first detention hearing before this Court, the Court also heard testimony from Defendant's father that he would closely monitor and supervise his son. Order 4, ECF No. 112. However, the Court also heard evidence from the Government at the first detention hearing that Defendant owned property in Nevada and that Defendant has an unreliable record of appearing. *Id.* Additionally, recently signed a plea agreement that would require this Court to sentence him to fifteen years in prison. *See* ECF

No. 148. "Such [a] significant penalty [] provide[s] a strong incentive to flee. *United States v. Shuklin*, No. 19-4171, 2020 WL 2992522, at *1 (Mar. 18, 2020). The Court credits Defendant's family's assurances that they would supervise and monitor him and finds that, although risk of flight would be low given the possibility of electronic monitoring, the other considerations of dangerousness outweigh any lesser concerns about risk of flight.

Third, as discussed above, Defendant's history and characteristics also weigh in favor of detention. Defendant's criminal history, including a history of violent offenses, and the nature of the current charge, are concerning to the Court. Again, the Court credits his family's and his barber's representations that he is a respectful person, has a good heart, and is helpful to others. However, these positive personality characteristics do not outweigh the concerns the Court has with Defendant's criminal history and the particular circumstances of the instant offense. That Defendant recently accepted a plea agreement does not change the Court's calculus with regards to this factor. Furthermore, the Court understands and sympathizes with Defendant's desire to spend time with his young son before he is sentenced. However, the Court also recognizes that, in each criminal case before it, the Defendant's family is negatively impacted. Thus, the Court will take such information regarding Defendant's family into account at sentencing.

Finally, in line with the first factor, the nature and seriousness of the danger posed to the community is of great weight in any drug-trafficking case. *See Roberson*, 2022 WL 2980530, at *8 ("Drug trafficking is a serious offense that, in itself, poses a danger to the community." (quoting *Stone*, 608 F.3d at 947 n.6)).

Particularly given that this offense involves large quantities of methamphetamine that could easily prove harmful or fatal to many individuals in the community, and the proffer from the Government that Defendant was the ringleader of this conspiracy, the Court concludes that the fourth factor also weighs in favor of detention.

Accordingly, Defendant's motion is **DENIED**. Defendant will remain in custody pending sentencing.

The Clerk is **DIRECTED** to terminate ECF No. 150.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**